**Affirmed and Majority and Concurring Opinions filed August 1, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00528-CV

**ERNEST NAVY, Appellant**

**V.**

**COLLEGE OF THE MAINLAND, Appellee**

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 09-CV-0176**

## C O N C U R R I N G   O P I N I O N

I concur with the majority's opinion but write separately to address a final claim made by Navy that the majority did not address. In footnote 2, the majority concludes that Navy raised claims of just two types of discrimination: disparate treatment and retaliation. I believe that in Navy's pleadings below and his brief in this court, he has addressed the additional claim that Mainland committed discrimination in his discharge. To present a prima facie case of discrimination as

to his discharge, however, Navy would have to show that he was (1) a member of a protected class, (2) qualified for the position, (3) subjected to an adverse employment action, and (4) replaced by someone outside his protected class. See *Gonzales v. Champion Techs., Inc.*, 384 S.W.3d 462, 466 (Tex. App.—Houston [14th Dist.] 2012, no pet.). He has not met that burden here.

In its motion for summary judgment, Mainland asserted that Navy had no evidence that he was replaced by someone outside his protected class. Mainland repeated this argument in its brief. In his summary-judgment response, Navy failed to present any evidence that he was replaced by someone outside his protected class. Because Navy failed to raise a fact issue as to an element of that claim, I would hold that Mainland is entitled to summary judgment as to that claim as well. *See id*. at 471–72. Because the majority did not address this final claim, I respectfully concur in the judgment.


/s/    Tracy Christopher
Justice


Panel consists of Justices Brown, Christopher, and McCally (Brown, J., majority).